M. G. BUTLER *et al. v.* J. B. GIVENS *et al.*

(*Nashville.*   December Term, 1916.)

**ATTORNEY AND CLIENT.    Right to lien.    Land defended against attack.**

In the absence of a contract therefor, a solicitor is not entitled to a lien for services fixed on his client's land successfully defended by him against attack.

Cases cited and approved:   Garner v. Garner, 69 Tenn., 29; Hill v. Ford, 3 Tenn. Cas., 531.

---

FROM JACKSON.

---

Appeal from the Chancery Court of Jackson County. —A. H. ROBERTS, Chancellor.

M. G. BUTLER, JNO. J. GORE and P. J. ANDERSON, for Butler.

D. B. JOHNSON, for appellees.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

Is the solicitor of a defendant, whose efforts have been successful in defending his client's land against attack, entitled to have a lien for the services fixed on the land?

Butler v. Givens.

It was held in *Garner* v. *Garner,* 1 Lea (69 Tenn.), 29, that in the absence of a contract therefor the solicitor cannot have a lien declared by the court on realty defended and not recovered.

In support of their motion for the declaration of a lien, the solicitors cite *Hill* v. *Ford,* 3 Tenn. Cas., 531, 537. That case, which would support the application, was decided in 1875, while *Garner* v. *Garner* was decided in 1878.

Some confusion exists as to the rule on this point, judging from the number of motions made in such circumstances. This misunderstanding may be due to the fact that the publication of the decision in *Hill* v. *Ford* followed the reporting of *Garner* v. *Garner.* The rule announced in the latter case is the law in this State, as well as elsewhere. 6 C. J., 781. Motion disallowed.